UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA TREGLOWN,<br><br>                Plaintiff,<br><br>    v.<br><br>JORGE CABRONERO, et al.,<br><br>                Defendants. | CASE NO. C18-0875JLR<br><br>ORDER TO SHOW CAUSE |

The court has reviewed Defendants Jorge Cambronero and Jane Doe Cambronero's (collectively, "the Cambroneros")[1] notice of removal and finds an insufficient basis for subject matter jurisdiction. (Not. of Rem. (Dkt. # 1).) The court

//

---

[1] Per the Cambroneros' notice of removal, Plaintiff Rhonda Treglown wrongly named the defendants as Jorge Cabronero and Jane Doe Cabronero. (Not. of Rem. at 1.) Thus, the court DIRECTS the Clerk to change the defendants' names to "Jorge Cambronero" and "Jane Doe Cambronero."

ORDER - 1

therefore ORDERS the Cambroneros to show cause within fourteen (14) days why this matter should not be remanded for lack of subject matter jurisdiction.

The Cambroneros assert that the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (*See* Not. of Rem. at 2-5.) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.00] . . . and is between citizens of different states." 28 U.S.C. § 1332. The removing defendant must show that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332(a), 1446(c); *Geographic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). In general, the defendant's notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014). If the court questions the removing defendant's allegations regarding the amount in controversy, however, the defendant must demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). Here, the court questions the Cambroneros' allegations.

In their notice of removal, the Cambroneros assert several times that the amount in controversy exceeds $75,000.00. (*See* Not. of Rem. at 2-5.) Specifically, they point to their counsel's declaration as evidence that Ms. Treglown alleges injuries resulting in approximately $94,850.35 in special damages. (*Id.* at 5 (citing Reppart Decl. (Dkt. # 2)

¶ 3, Ex. 5); *see also id.* at 2 (citing Reppart Decl. ¶ 4, Ex. 3).) The court's review of that declaration, however, reveals no evidence regarding the amount in controversy, aside from counsel's assertion that Ms. Treglown "claim[s] more than $75,000[.00] by asserting in excess of this amount in a pre-litigation settlement demand." (Reppart Decl. ¶ 4)[2]; *cf. Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("[T]he parties cannot stipulate to jurisdiction where none exists."). In addition, the exhibits the Cambroneros cite do not support their allegations. (*See* Not. of Rem. at 2, 5.) Exhibit 3—Ms. Treglown's counsel's due diligence declaration—contains no information related to the amount in controversy. (Reppart Decl. ¶ 4, Ex. 3.) And Exhibit 5—an email in which Mr. Cambronero states that he lives in Costa Rica—also sheds no light on the amount in controversy. (Reppart Decl. ¶ 5, Ex. 5.) Moreover, the notice of removal contains no other allegations related to the amount in controversy. (*See generally* Reppart Decl.; Not. of Rem.)

Although a settlement demand can demonstrate the amount in controversy, *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), the Cambroneros filings fall short because of (1) the difference between the amount referenced in their notice of removal—$94,850.35—and the amount referenced in their counsel's declaration—"more than $75,000[.00]," and (2) their citations to exhibits that have no bearing on the amount

---

[2] The Cambroneros incorrectly cite at least one of their exhibits. (*Compare* Not. of Rem. at 5 (citing Reppart Decl. ¶ 3, Ex. 5), *with* Reppart Decl. ¶ 5, Ex. 5.) The incorrect citation likely emanates from the misnumbered paragraphs in Ms. Reppart's declaration. (*See generally* Reppart Decl.)

in controversy (*see* Not. of Rem. at 5; Reppart Decl. ¶ 4). For those reasons, the court questions whether this lawsuit implicates an amount exceeding $75,000.00.

Based on the foregoing analysis, the court DIRECTS the Cambroneros to show cause why the court should not remand for lack of subject matter jurisdiction. The Cambroneros must file their response within fourteen (14) days of the date of this order. If the Cambroneros fail to respond or otherwise demonstrate the required amount in controversy, the court will remand this matter to King County Superior Court.

Dated this 5th day of July, 2018.

JAMES L. ROBART
United States District Judge