UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA TREGLOWN,<br><br>      Plaintiff,<br><br>  v.<br><br>JORGE CAMBRONERO, et al.,<br><br>      Defendants. | CASE NO. C18-0875JLR<br><br>ORDER |

On July 5, 2018, the court ordered Plaintiffs Jorge Cambronero and Jane Doe Cambronero (collectively, "the Cambroneros") to show cause why the court should not remand this matter for lack of subject matter jurisdiction. (7/5/18 Order (Dkt. # 10).) Specifically, the court stated that the Cambroneros' cited evidence did not support their contention that the case meets the amount in controversy required to establish diversity jurisdiction. (*Id*. at 3-4); *see also* 28 U.S.C. § 1332(a) (stating that the amount in controversy required for diversity jurisdiction must exceed $75,000.00). In their response

ORDER - 1

to the order to show cause, the Cambroneros provide Plaintiff Rhonda Treglown's confirmation that she seeks damages in excess of $75,000.00. (Resp. to OSC (Dkt. # 11) at 1-2; Reppart Decl. (Dkt. # 12) ¶¶ 2, Ex. 1 (in response to a request for admission, denying that Ms. Treglown does not seek in excess of $75,000.00), 3, Ex. 2 (confirming that Ms. Treglown's "damage claims exceed $75,000[.00]").) "Although parties cannot stipulate to diversity jurisdiction, the [c]ourt can consider a party's judicial admission of fact in determining whether the amount in controversy requirement has been met." *Curry v. Stillwater Ins. Co.*, No. CV-14-02374-PHX-PGR, 2015 WL 11120686, at *1 (D. Ariz. Feb. 9, 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). Taking into account Ms. Treglown's admission that her damages claims exceed $75,000.00, the court is satisfied that it has diversity jurisdiction over this case.

Dated this 19th day of July, 2018.

JAMES L. ROBART
United States District Judge