UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA TREGLOWN,<br><br>                    Plaintiff,<br>    v.<br><br>JORGE CAMBRONERO, et al.,<br><br>                    Defendants. | CASE NO. C18-0875JLR<br><br>ORDER DENYING STIPULATED MOTION TO EXTEND PRETRIAL DEADLINES |

Before the court is the parties' stipulated motion to continue pretrial deadlines. (Mot. (Dkt. # 17).) The court has considered the motion and, as described below, DENIES the motion.

This case was removed to federal court nearly one year ago, on June 15, 2018. (Not. of Rem. (Dkt. # 1).) On July 30, 2018, the court scheduled the case for trial on November 12, 2019. (Sched. Order (Dkt. # 15) at 1.) In their stipulated motion, the parties ask that the court extend the discovery cut-off from July 15, 2019, to October 1, 2019, in addition to continuing other pretrial deadlines. (Mot. at 1; Sched. Order at 1.)

ORDER - 1

According to the parties, "[g]ood cause exists for the continuance because the parties are working to complete discovery in an effort to resolve the lawsuit short of trial." (Mot. at 1.)

The parties' request to extend the discovery deadline and other pretrial deadlines is problematic for several reasons. The court issues scheduling orders to provide a reasonable schedule for the resolution of disputes. The dispositive motions deadline is presently set for August 14, 2019. (Sched. Order at 1.) The court generally sets the discovery cut-off approximately 30 days prior to the deadline for filing dispositive motions. This ensures that the court has a complete record before it when it considers a motion that could potentially dispose of the case. Moreover, the schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (1) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (2) an additional 30 days during which the court endeavors to rule on the motion, *id*. at LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. Further, by extending the discovery deadline beyond the deadline for dispositive motions, the court risks ruling on summary judgment motions in the absence of a complete record. Thus, the court is unwilling to compromise the 90-day period built into the scheduling order to provide the parties additional discovery time. In any event, the existence of looming pretrial deadlines, such as ordinarily occur in the course of federal civil litigation, is not

1  "good cause" for the parties' requested extension of the pretrial deadlines.  The court
2  therefore DENIES the parties' stipulated motion.
3       The court is willing, however, to move this matter to the end of its trial calendar
4  and issue a new scheduling order based on that new trial date for any deadlines that have
5  not already lapsed.  In deciding whether to accept this alternative, the parties should be
6  aware that the court is presently scheduling trials in approximately late 2020.  If the
7  parties agree on this alternative, they should so inform the court within seven (7) days of
8  the date of this order.
9       Dated this 2nd day of May, 2019.

_____
The Honorable James L. Robart
U.S. District Court Judge