UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA TREGLOWN,<br><br>                       Plaintiff,<br>   v.<br><br>JORGE CAMBRONERO, et al.,<br><br>                      Defendants. | CASE NO. C18-0875JLR<br><br>ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL DATE |

Before the court is the parties' stipulated motion to continue the trial date. (Mot. (Dkt. # 20).) The court has considered the motion and, as described below, GRANTS the motion.

On July 30, 2018, the court set a July 15, 2019, discovery cut-off and scheduled this case for trial on November 12, 2019. (Sched. Order (Dkt. # 15) at 1.) In their stipulated motion, the parties ask the court to continue the November 12, 2019, trial date to "a date that fits the Court's calendar and the parties' schedules" and to issue a new scheduling order. (Mot. at 2.) The parties claim that they need a continuance to conduct

ORDER - 1

additional discovery so that they can meaningfully prepare for trial. (*Id.*) More specifically, defendants allege that they need additional time to take the depositions of plaintiff's treating provider, plaintiff's vocational/life care plan expert, and plaintiff's husband; while the plaintiff requests additional time to take the deposition of defendants' expert. (*Id.*) The parties also claim that these additional discovery items arose only after a failed mediation. (*Id.*) Moreover, although mediation was unsuccessful, the parties assert that settlement negotiations remain ongoing. (*Id.*)

This is not the parties' first attempt to amend the case schedule. On May 1, 2019, the parties filed a stipulated motion that asked the court to extend the July 15, 2019, discovery cut-off to October 1, 2019, and to continue other pretrial deadlines. (5/1/19 Mot. to Extend (Dkt. #17) at 1.) The court denied the motion because the parties' requested discovery extension would have compromised the August 14, 2019, dispositive motions deadline and the November 12, 2019, trial date. (*See* 5/2/19 Order (Dkt. # 18) at 2.) Although the court denied the parties' motion, the court advised the parties that it would issue a new scheduling order and reset any deadlines that had not already lapsed if the parties agreed to move this matter to the end of the court's trial calendar. (*Id.* at 3.) The court further instructed the parties to inform the court within seven days should they agree on this alternative scheduling option. (*Id.*)

On the current motion, the court finds that good cause exists to continue the trial date in order to give the parties additional time to prepare for trial and continue settlement negotiations. The parties appear to acquiesce to the court's warning that it would only extend case deadlines if the parties agreed to move this matter to the back of

the court's trial calendar. (*See* Mot. at 2 (stipulating that "the trial date can be continued to a date that fits the Court's calendar and parties' schedules").) The court is currently scheduling trials in early 2021. As such, granting the parties' motion yields a 14-month continuance of the trial date—a result that should come as no surprise to the parties. (*See* 5/2/19 Order at 3 (noting that, as of May 2019, the court was scheduling trials in late 2020).)

The court notes, however, that portions of this motion are untimely. Although the parties have styled the motion as a motion to continue the trial date, both parties intend to seek additional discovery if the continuance is granted. (Mot. at 2.) Discovery closed on July 15, 2019—nearly a month before the parties filed this motion. (Sched. Order at 1.) Pursuant to Local Civil Rule 7(j), "motions for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). For future scheduling requests, the court cautions the parties to remain mindful of upcoming deadlines and the court's local rules.

Ultimately, however, given the length of this continuance and the fact that the request for leave to take additional discovery is reciprocal, the court finds that there is good cause to extend the expired discovery cut-off date for the limited purpose of scheduling and taking the four depositions outlined in the parties' motion: (1) plaintiff's treating provider, (2) plaintiff's vocational/life care plan expert, (3) plaintiff's husband, and (4) defendants' expert (Mot. at 2). The court grants the parties an extension of the discovery cut-off until December 31, 2019, to complete those depositions. Outside of

those four depositions, discovery remains closed. All other unexpired deadlines, including the dispositive motion deadline that expired during the pendency of this motion, shall be reset based on the new trial date.

For the reasons set forth above, the court GRANTS the parties' stipulated motion to continue the trial date (Dkt. # 20). The court sets a new trial date of January 4, 2021, and extends the discovery cut-off until December 31, 2019, for the following depositions only: (1) plaintiff's treating provider, (2) plaintiff's vocational/life care plan expert, (3) plaintiff's husband, and (4) defendants' expert. The court also DIRECTS the Clerk to issue an amended case schedule consistent with this order.

Dated this 21st day of August, 2019.

JAMES L. ROBART
United States District Judge